## LUMAN S. WOODMANSEE AND ABRAHAM GARSIDE, APPELLANTS, v. AMOS S. ROGERS, DEFENDANT.

### WEIL BROTHERS, RESPONDENTS.

*Motion by the holder of a subsequent lien to vacate an attachment — a levy under an execution is not an "actual application" on the judgment, within section 682 of the Code of Civil Procedure.*

Where goods, wares and merchandise have been seized under an attachment, it is not sufficient to prevent a person who has acquired a lien thereon after the attachment, from moving to vacate or modify the warrant under section 682 of the Code of Civil Procedure, that a levy has been made upon the said goods, wares and merchandise, under an execution issued on a judgment recovered in the action in which the attachment was issued, unless the said goods have been actually sold, and the proceeds arising therefrom have been applied to the payment of the said judgment.

APPEAL from an order of the Special Term vacating an attachment.

*Otto Horwitz*, for the appellants.

*Blumensteil & Hirsch*, for the respondents, Weil Brothers.

DAVIS, P. J. :

This motion was made by subsequently attaching creditors to vacate a prior attachment of the appellants, both having attached the same property. Section 682 of the Code of Civil Procedure provides that the defendant, or any person who has acquired a lien upon or interest in his property after it was attached, may, at any time before the actual application of the attached property, or the proceeds, to the payment of a judgment recovered in the action, apply to vacate or modify the warrant.

It has been held that a creditor who has obtained and levied a subsequent attachment may move, under this section, to vacate a prior attachment. (*Steuben County Bank* v. *Alberger*, 18 Alb. Law Jour., 455.) It does not seem to be disputed but that the attachment in the action of the appellants was issued upon an affidavit which was insufficient to uphold it.

The only question presented is, whether there was such an application of the attached property to the payment of the judgment as cuts off the right to make the motion under section 682. The court below held that a sufficient application was not shown. What is shown is in substance as follows : The appellants commenced an action on the 20th of October, 1879, against Moses S. Rogers, and on that day made application to a judge of this court for, and obtained a warrant of attachment against the property of the defendant. Upon that warrant certain goods, wares and merchandise of the defendants were attached on said 20th of October, 1879. On the 22d day of October, 1879, an execution on a judgment in the action which seems to have been recovered as we must assume regularly, was issued and delivered to the sheriff, who on the last named day, as he states in his affidavit, " did levy upon said property of the defendant, by virtue of said execution, and did apply the same property, heretofore attached as aforesaid, to said execution."

The moving creditors according to the affidavit of their attorney did on the 2d day of October, 1879, obtain a warrant of attachment against the property of the above named defendant in the Marine Court of the city of New York, and the attorney swears, " that by virtue of said attachment and levy the said Simon Weil and Isaac Weil have acquired a lien upon the property of the defendant after the same was levied upon under a warrant of attachment issued in the above action, on the 20th day of October, 1879, and levied on said day."

It is not shown whether the attachment of these creditors was levied before or after the levy on the execution ; that fact, however, is perhaps not important in determining the precise question before us, though it may become so at some future stage of the controversy. As before said, the only question here is whether the levy satisfies the language of the Code. That language it will be observed is, "actual application of the attached property or the proceeds thereof to the payment of a judgment recovered in the action." It is settled by authority that a levy of an execution upon property is a satisfaction of the judgment *sub modo* and not absolutely. (*Green* v. *Burke*, 23 Wend., 490, 496, and cases there cited.) The property attached in this case is

described as goods, wares and merchandise. It does not, therefore, appear to have been something of which the sheriff could have made direct·application to the judgment, but property which must first have been sold, and the proceeds of the sale then applied.

The section of the Code provides for both of these cases : the one of an actual application of the attached property, as of money, and the other of the proceeds thereof. Where the levy, therefore, is of goods, wares and merchandise, the actual application must be of the proceeds thereof at the sale, to prevent the motion.to vacate the attachment. In this case there was nothing more than a levy by the sheriff under an execution on the twenty-second of October, for although he states that he did on that day apply the said property heretofore attached as aforesaid to said *execution* ; yet neither he nor any one else states that it or its proceeds was applied to the *payment of the judgment.* Saying that he had applied the property " *to said execution* " is nothing more than another form of asserting that he had levied under it.

Our conclusion is, that there was no such application as the Code requires, and that the attachment was properly vacated We do not pass upon the question whether the appellants have a right by virtue of a levy of the execution to hold the property, because their rights in that respect may depend upon questions of fact not appearing in the papers.

The order must be affirmed, with ten dollars costs and disbursements.

BARRETT, J., concurred.

Present — DAVIS, P. J., and BARRETT, J.

Order affirmed, with ten dollars costs and disbursements.